# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MARBLES HOLDINGS, LLC, et al.,[1] | ) Case No. 17-3309 |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Honorable Timothy A. Barnes |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that, on September 13, 2017 at 10:00 AM, the undersigned shall appear before the Honorable Timothy A. Barnes in Courtroom 744, or whomever may be sitting in his place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the attached *First and Final Application for Compensation and Reimbursement of Expenses of Elise S. Frejka, Consumer Privacy Ombudsman*, a copy of which is attached hereto and herewith served upon you

Dated: August 18, 2017

/s/ Elise S. Frejka
Elise S. Frejka
FREJKA PLLC
135 East 57th Street – 6th Floor
New York, New York  10022
Phone: (212) 641-0800
Facsimile: (212) 641-0820

*Consumer Privacy Ombudsman*

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are (i) Marbles Holdings, LLC (9547); Marbles LLC (3081); and Marbles Brain Workshop, LLC (0303).

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MARBLES HOLDINGS, LLC, et al.,[2] | ) Case No. 17-3309 |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Honorable Timothy A. Barnes |

**CERTIFICATE OF SERVICE**

I, Elise S. Frejka, an attorney, hereby certify that on August 18, 2017, I caused a true and correct copy of the foregoing *Notice of Motion and First and Final Application for Compensation and Reimbursement of Expenses of Elise S. Frejka, Consumer Privacy Ombudsman* to be filed electronically with the Court and served upon the following parties by the manner listed.

/s/ Elise S. Frejka
Elise S. Frejka

CM/ECF Service List

Howard L. Adelman hla@ag-ltd.com
Richard A Bixter richard.bixter@hklaw.com
Michael A Brandess mbrandess@sfgh.com
Alexander F Brougham abrougham@ag-ltd.com
Erich S Buck ebuck@ag-ltd.com
David R Doyle ddoyle@shawfishman.com
Jeffrey L. Gansberg jgansberg@muchshelist.com
Chad H. Gettleman cgettleman@ag-ltd.com
Emily S. Gottlieb emily_gottlieb@gardencitygroup.com
Allen J Guon aguon@shawfishman.com
Timothy M Howe tim@chicagolaw.biz
Robert J. Labate robert.labate@hklaw.com
Matthew Luzadder mluzadder@kelleydrye.com
Daniel J McGuire dmcguire@winston.com
Henry B. Merens hbm@ag-ltd.com
David Nold nuddin@noldmuchlaw.com
Kristen N Pate ggpbk@ggp.com
M. Gretchen Silver ustpregion11.es.ecf@usdoj.gov
Adam P. Silverman asilverman@ag-ltd.com

---

[2] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are (i) Marbles Holdings, LLC (9547); Marbles LLC (3081); and Marbles Brain Workshop, LLC (0303).

Jerry L Switzer jswitzer@polsinelli.com
David P. Vallas DVallas@polsinelli.com
Shelly A. DeRousse sderousse@freeborn.com
Devon J. Eggert deggert@freeborn.com
Elizabeth L. Janczak ejanczak@freeborn.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MARBLES HOLDINGS, LLC, <u>et al.</u>,[3] | ) Case No. 17-3309 |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Honorable Timothy A. Barnes |

**COVER SHEET FOR FIRST AND FINAL APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
ELISE S. FREJKA, CONSUMER PRIVACY OMBUDSMAN,
<u>FOR THE PERIOD APRIL 7, 2017 THROUGH AUGUST 16, 2017</u>**

| | |
|---|---|
| Name of Applicant: | Elise S. Frejka |
| Authorized to Provide Professional Services to: | Consumer Privacy Ombudsman |
| Date of Appointment: | April 7, 2017 |
| Period for which compensation and reimbursement is sought: | April 7, 2017 through August 16, 2017 |
| Amount of compensation sought as actual, reasonable and necessary: | $16,137.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $365.13 |

This is a(n):   ___ monthly       ____ interim       _x_ final application.

**Summary of Prior Fee Applications**
None

Dated: August 18, 2017

                                    FREJKA PLLC

                         By: _____
                                Elise S. Frejka
                                135 East 57th Street – 6th Floor
                                New York, New York 10022
                                Telephone: (212) 641-0800
                                efrejka@frejka.com

---

[3] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are (i) Marbles Holdings, LLC (9547); Marbles LLC (3081); and Marbles Brain Workshop, LLC (0303).

Elise S. Frejka, CIPP/US
FREJKA PLLC
135 East 57th Street – 6th Floor
New York, New York 10022
Telephone: (212) 641-0800
efrejka@frejka.com

*Consumer Privacy Ombudsman*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MARBLES HOLDINGS, LLC, et al.,[1] | ) Case No. 17-3309 |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Honorable Timothy A. Barnes |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ELISE S. FREJKA, CONSUMER PRIVACY OMBUDSMAN, FOR THE PERIOD APRIL 7, 2017 THROUGH AUGUST 16, 2017**

Elise S. Frejka, the Consumer Privacy Ombudsman ("Ombudsman") in the above-captioned cases, submits this first and final application (the "Application"), pursuant to sections 330(a), 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), for a final allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred during the period commencing April 7, 2017 through and including August 16, 2017 (the "Fee Period"). In support of the Application, the Ombudsman respectfully represents as follows:

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are (i) Marbles Holdings, LLC (9547); Marbles LLC (3081); and Marbles Brain Workshop, LLC (0303).

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

**General Background**

2. On February 3, 2017 (the "Petition Date") each of the Debtors filed voluntary petitions for relief under Chapter 11 of title 11, United States Code, as amended (the "Bankruptcy Code"). Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate their businesses as debtors in possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code.

3. On March 30, 2017, the Debtors filed the Motion of the Debtors for the Entry of an Order: (A) Approving The Sale Process And Bidding Procedures with Respect to Sale of E-Commerce and Wholesale Business Assets and Certain Other Assets of the Estates; (B) Approving Form of and Authorizing the Debtors to Enter into Stalking Horse Asset Purchase Agreement; (C) Approving Bid Protection; (D) Scheduling A Public Auction and Subsequent Sale Hearing; (E) Authorizing the Sale of the Assets of the Debtors Free and Clear of Liens, Claims, Encumbrances and Interests; (F) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (G) Approving The Form Of Notice and Manner of Notice of Sale Hearing and Proposed Assumption and Assignment [ECF No. 201] (the "Sale Motion").

4. On April 7, 2017, the Bankruptcy Court entered that certain Order: (a) Approving the Sale Process and Bidding Procedures with Respect to Sale of E-Commerce and Wholesale Business Assets and Certain Other Assets of the Estates; (b) Approving Form of and Authorizing

Debtors to Enter into Stalking Horse Asset Purchase Agreement; (c) Approving Bid Protection; (d) Scheduling a Public Auction and Subsequent Sale Hearing; (e) Authorizing the Sale of the Assets of the Debtors Free and Clear of Liens, Claims, Encumbrances and Interests; (f) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (g) Approving the Form of Notice and Manner of Notice of Sale Hearing and Proposed Assumption and Assignment (the "Bidding Procedures Order") [ECF No. 217].

5. On April 5, 2017, the Court entered the Order Directing the United States Trustee to Appoint a Consumer Privacy Ombudsman [Dkt. No. 216] and on April 7, 2017, the undersigned was appointed the Ombudsman by the United States Trustee for Region 11. Attached hereto as Exhibit A is the Notice of Appointment of Consumer Privacy Ombudsman [Dkt. No. 220].

6. On April 24, 2017, in accordance with section 332 of the Bankruptcy Code, the Ombudsman filed her report (the "CPO Report") with respect to sale of certain intellectual property assets and related customer information (the "Sale"). [Dkt. No. 248].

7. On April 26, 2017, the Court entered the Order Authorizing Sale of E-Commerce and Wholesale Business Assets and Certain Other Assets of the Estates of the Debtors Free and Clear of Liens, Claims, Encumbrances and Interests, Assumption and Assignment of Executory Contracts and Unexpired Leases and Related Relief [Dkt. No. 260].

8. On May 17, 2017, the Debtors filed, as required by the CPO Report, the Notice Regarding Consumer Privacy Information [Dkt. No. 275].

**Relief Requested**

9. The Ombudsman submits this Application pursuant to section 330 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

10. By this Application, the Ombudsman seeks a final allowance and payment of compensation in the amount of $16,137.00 for actual and necessary professional services rendered and reimbursement of actual and necessary expenses in the amount of $365.13.

11. The total number of hours expended by the Ombudsman in performing her responsibilities, as the Consumer Privacy Ombudsman, was 37.20 hours. The value of these services has been computed at the rates the Ombudsman customarily charges for similar services provided for other clients.

12. A detailed chronological itemization of the services rendered by the Ombudsman, calculated by tenths of an hour, is attached hereto as Exhibit B. All compensation requested herein relate to services rendered in connection with the discharge of the Ombudsman's duties.

13. Annexed hereto as Exhibit C is a schedule setting forth all professionals who have performed services during the Fee Period, the capacities in which such individual is employed, the year in which the individual was first licensed to practice law, the hourly billing rate of such individual, and the aggregate number of hours expended and fees billed.

14. Annexed hereto as Exhibit D is a schedule specifying the categories of expenses incurred during the Fee Period, the total amount for each such expense category and a detailed listing of each of the expenses.

15. Annexed hereto as Exhibit E is a summary setting forth the time charges incurred during the Fee Period broken down by project category.

16. During the Fee Period, the Ombudsman provided, among other things, the following services:

- Reviewed the Debtors' privacy policy in effect on the Petition Date, the Marbles Loyalty Terms, Conditions of Use and Privacy Policy in effect on the Petition Date, and the Debtors' privacy practices and collection procedures concerning Personally Identifiable Information

      about consumers, their database maintenance, and the sharing and use of such information with third parties;

- Reviewed the Sale Motion, the Bidding Procedures Order, the final Asset Purchase Agreement, the proposed Order approving the Sale, the privacy policy of the Buyer and the certification of the Debtors regarding compliance with the recommendations of the Ombudsman;

- Discussed the Sale of the E-commerce business and the Debtors collection and use of Personally Identifiable Information with (i) counsel for the Debtors; (ii) internal representatives of the Debtors, including (a) Michael Smith, Chief Executive Officer/Chief Financial Officer and (b) Ema Ode, Director of Ecommerce; (iii) David Peress, Hilco IP Services, LLC d/b/a/ Hilco Streambank; and (iv) counsel for Spin Master, Ltd (the "Buyer");

- Drafted the Report of the Consumer Privacy Ombudsman; and

- Attended a hearing regarding the Sale.

**Compliance with the Bankruptcy Code, the Bankruptcy Rules and Local Rules**

17. In accordance with Local Rule 5082-1, the undersigned has reviewed the requirements of Local Rule 5082-1 and certifies to the best of her information, knowledge and belief that this Application complies with Local Rule 5082-1.

18. To the best of the Ombudsman's knowledge, this Application complies with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any guidelines promulgated by the Office of the United States Trustee, and the Local Rules.

19. As detailed above, in accordance with the Local Rules, a summary schedule of hours and fees for the Ombudsman is attached hereto as Exhibit C to this Application.

20. The Ombudsman submits that the services rendered and expenses incurred were actual and necessary and that the compensation sought is reasonable and in accordance with the standards of section 330 of the Bankruptcy Code. The Ombudsman's services provided an important benefit to the Debtors' estate. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the issues and tasks involved. The

Ombudsman submits that the professional services were performed in an expeditious and efficient manner. The Ombudsman addressed the primary issues implicated by the Sale that included Personally Identifiable Information expeditiously, effectively and in a consensual manner that facilitated the ultimate sale.

21. There is no agreement or understanding between the Ombudsman and any other person for the sharing of compensation received for services rendered in or in connection with these cases.

22. This Application is a first and final request for compensation and reimbursement of expenses.

WHEREFORE, the Ombudsman respectfully requests entry of an order (a) allowing, on a final basis, $16,137.00 in compensation for the Fee Period as chapter 11 administrative expenses of the Debtors' estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code; (b) allowing, on a final basis, $365.13 in reimbursable expenses for the Fee Period as chapter 11 administrative expenses of the Debtors' estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code; (c) authorizing payment to Frejka PLLC of $16,502.13, representing all unpaid amounts owing to Frejka PLLC on account of the Application; and (d) granting such other and further relief that the Court deems just, proper and necessary.

Dated: New York, New York
August 18, 2017

RESPECTFULLY SUBMITTED,

/s/ Elise S. Frejka
Elise S. Frejka, CIPP/US
Frejka PLLC
135 East 57th Street – 6th Floor
New York, New York 10022
(212) 641-0800

*Consumer Privacy Ombudsman*

1

**VERIFICATION**

I, ELISE S. FREJKA, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and based on the information and records available to me:

1. I am the Consumer Privacy Ombudsman.

2. I personally performed the work set forth in the Application.

3. I have reviewed the foregoing Application and the facts stated therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois, and submit that the Application substantially complies with such rule.

Dated: August 18, 2017

/s/ Elise S. Frejka
Elise S. Frejka