# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARBLES HOLDINGS, LLC, et al.,[1] | ) | Case No. 17-3309 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Timothy A. Barnes |
| | ) | |

## ORDER APPROVING DISCLOSURE STATEMENT
## AND CONFIRMING JOINT LIQUIDATING PLAN

THIS CAUSE coming to be heard in connection with the combined hearing in the above-captioned jointly-administered chapter 11 cases (the "**Chapter 11 Cases**") to consider approval of the *Disclosure Statement for Joint Plan of Liquidation Proposed by Debtors and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the United States Bankruptcy Code* filed herein on July 27, 2017 [Docket No. 360] (the "**Disclosure Statement**") by Marbles Holdings, LLC ("**Holdings**"), Marbles LLC ("**Marbles**"), and Marbles Brain Workshop, LLC ("**Workshop**"), debtors and debtors in possession (collectively, the "**Debtors**"), and confirmation of the *Joint Liquidating Plan* filed herein on July 27, 2017 [Docket No. 361] (the "**Plan**"), by the Debtors and the Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "**Committee**," and together with the Debtors, the "**Plan Proponents**"); due written notice having been given to all parties entitled thereto by order of the Court entered on August 2, 2017 [Docket No. 363](the "**Combined Hearing Order**"), as evidenced by an Affidavit of Service filed herein on August 9, 2017 [Docket No. 365]; no objections to the adequacy of the Disclosure Statement or to confirmation of the Plan having been filed pursuant to the deadline established by the Court in the Combined Hearing Order; no parties having objected to the entry hereof, or such objections having been heard and overruled; the Court having taken judicial notice of all filings related to the Plan and Disclosure Statement, and having heard and considered the statements of counsel present and the testimony of Michael Smith, Chief Executive Officer and Chief Financial Officer of the Debtors; and the Court being otherwise fully advised in the premises, hereby makes the following findings of fact and conclusions of law:

     A.    Due and sufficient notice to review and evaluate the Plan and the Disclosure Statement, and to participate in the combined hearing on the adequacy of the Disclosure Statement and confirmation of the Plan, has been given to all parties entitled thereto pursuant to applicable Bankruptcy Rules and prior orders of the Court.

     B.    The Disclosure Statement contains "adequate information", as defined in section 1125(a)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**").

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are (i) Marbles Holdings, LLC (9547); (ii) Marbles LLC (3081); and (iii) Marbles Brain Workshop, LLC (0303).

      C.      The Plan and the Plan Proponents comply with the applicable provisions of Chapter 11 of the Bankruptcy Code, and the Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(1) – (3) of the Bankruptcy Code.

      D.      All payments made or promised by the Plan Proponents under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to these Chapter 11 Cases, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

      E.      The identity, qualifications, and affiliations of any individuals proposed to serve as managers, directors or officers, or voting trustees of the Debtors after confirmation of the Plan, of any affiliate(s) of the Debtors participating in the Plan, or any successor(s) to the Debtors under the Plan, have been fully disclosed and the appointment of such individuals to such offices, or their continuance therein, is equitable, and consistent with the interests of the creditors and equity security holders and with public policy, thereby satisfying section 1129(a)(5) of the Bankruptcy Code.

      F.      The Debtors have disclosed the identity of any insider that will be employed or retained by the "Creditor Trustee" appointed under the Plan (as defined therein), and the nature of any compensation for such insider, thereby satisfying section 1129(a)(5) of the Bankruptcy Code.

      G.      There are no governmental regulatory commissions with jurisdiction, after confirmation of the Plan, over the rates of the Debtors, thereby satisfying or rendering moot section 1129(a)(6) of the Bankruptcy Code.

      H.      The Plan sets forth the following four (4) classes ("**Classes**," and each, a "**Class**") of claims ("**Claims**," and each, a "**Claim**") and equity interests ("**Equity Interests**") for each of the Debtors:  Class 1 - priority non-tax unsecured Claims; Class 2 - secured Claims; Class 3 - general unsecured Claims; and Class 4 - Equity Interests.

      I.      Class 1 and Class 2 are unimpaired under the Plan, and pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to have accepted the Plan. Class 3 is impaired under the Plan. Class 4 is not entitled to receive any distributions under the Plan, and pursuant to section 1126(g) of the Bankruptcy Code, is conclusively presumed to have rejected the Plan.

      J.      With respect to each impaired Class of Claims or Equity Interests, each holder of a Claim of such Class or Equity Interest (i) has accepted the Plan or (ii) will receive or retain under the Plan on account of such Claim property of a value, as of the date the Plan becomes effective, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code, thereby satisfying section 1129(a)(7) of the Bankruptcy Code.

      K.      The Plan has been accepted in writing by the requisite number and percentage of Class 3 creditors entitled to vote and who timely submitted ballots to accept or reject the Plan, without including the acceptance of the Plan by any insiders, thereby satisfying section (a)(8) as to Class 3, and (a)(10) of the Bankruptcy Code.

L.      The Plan provides that with respect to a Claim of a kind specified in sections 507(a)(1) through 507(a)(8) of the Bankruptcy Code, on the effective date of the Plan, the holder of such Claim will receive on account of such Claim cash equal to the allowed amount of such Claim, thereby satisfying or rendering moot section 1129(a)(9) of the Bankruptcy Code.

M.      The complete liquidation of all remaining property of the Debtors' estates is proposed in the Plan, thereby satisfying or rendering moot section 1129(a)(11) of the Bankruptcy Code.

N.      All fees payable under 28 U.S.C. § 1930 have been or will be paid on the effective date of the Plan, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

O.      The Debtors are not obligated to pay any retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code, at any time prior to confirmation of the Plan, thereby satisfying or rendering moot section 1129(a)(13) of the Bankruptcy Code.

P.      The Debtors are business entities and are not required to pay domestic support obligations, thereby satisfying or rendering moot section 1129(a)(14) and (15) of the Bankruptcy Code.

Q.      The Plan provides that all transfers of property under the Plan shall be made in accordance with applicable provisions of non-bankruptcy law governing the Debtors, thereby satisfying section 1129(a)(16) of the Bankruptcy Code.

R.      The Plan does not discriminate unfairly in that all similarly situated Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in each such Class.

S.      The Plan treats Equity Interests fairly and equitably, as no holder of an interest junior to the Equity Interests will receive or retain any property under the Plan on account of such interest junior to that of the Equity Interests, thereby satisfying section 1129(b) of the Bankruptcy Code.

T.      No other plan of liquidation or reorganization has been presented to the Court for approval, and thus, the Plan is the only plan being approved by the Court, thereby satisfying section 1129(c) of the Bankruptcy Code.

U.      The Plan is not being proposed to avoid taxes or the application of section 5 of the Securities Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

V.      The Debtors shall be deemed to have rejected all executory contracts and unexpired leases not expressly assumed or rejected prior to or in connection with the entry hereof.

W.      There is no just reason to stay the enforcement of this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

      1.      The above-described findings be and they hereby are incorporated herein as if fully set forth.

      2.      The Creditor Trust Agreement, in the form attached to the Plan as Exhibit "A", is hereby approved and all parties thereto are authorized to execute same.

      3.      The Disclosure Statement is approved.

      4.      The Plan, a copy of which is attached hereto as <u>Exhibit A</u>, is confirmed pursuant to 11 U.S.C. § 1141.

      5.      Pursuant to Section 8.04 of the Plan, any applicable state agencies are hereby authorized to register the Debtors as dissolved as of the effective date of the Plan.

      6.      This Order substantially conforms to the Official Form required under Bankruptcy Rule 3020(c).

      7.      The form of the *Notice of (A) Confirmation; (B) Effective Date; and (C) Bar Dates for Filing Administrative Claims, Professional Fee Claims, and Rejection Damages* (the "**Notice**"), attached hereto as <u>Exhibit B</u>, is hereby approved, and the Debtors are authorized to mail such Notice as required under Bankruptcy Rule 3020(c) no later than three (3) business days after docketing of this Order. All Professional Fee Claims (as that term is defined in the Notice) shall be scheduled for presentment on October 24, 2017, at 11:00 a.m. (Central Time).

      8.      The Court retains jurisdiction to issue any order necessary to administer the Debtors' estates, as set forth in Bankruptcy Rule 3020(d) and the Plan.

      9.      This Order shall not be stayed pursuant to Bankruptcy Rule 3020(e).

      10.     A post-confirmation status hearing shall be held before the undersigned on October 24, 2017, at 11:00 a.m. (Central Time).

Dated: August \_\_\_\_, 2017

                                                  UNITED STATES BANKRUPTCY JUDGE

*This Order Prepared by:*
ADAM P. SILVERMAN, ESQ. (ARDC #6256676)
ERICH S. BUCK, ESQ. (ARDC #627635)
ADELMAN & GETTLEMAN, LTD.
53 W. Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel. (312) 435-1050
Fax (312) 435-1059

Counsel for Marbles Holdings, LLC, Marbles LLC, and Marbles Brain Workshop, LLC