## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARBLES HOLDINGS, LLC, et al.,[1] | ) | Case No. 17-03309 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date: October 24, 2017 at 11:00 a.m. |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 24, 2017 at 11:00 a.m., the undersigned shall appear before the Honorable Timothy A. Barnes in Courtroom 744, or whomever may be sitting in his place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the attached *Second Interim & Final Application of Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors During the Period from February 13, 2017 through September 29, 2017 and Request for Approval of Limited Notice* a copy of which is attached hereto and herewith served upon you.

Dated:  September 29, 2017

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MARBLES HOLDINGS LLC, *et al.***

By:   _/s/ Devon J. Eggert_____
          One of Its Attorneys

Shelly A. DeRousse
Devon J. Eggert
Elizabeth L. Janczak
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:  312.360.6520
sderousse@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are: (i) Marbles Holdings, LLC (9547); (ii) Marbles LLC (3081); and (iii) Marbles Brain Workshop, LLC (0303).

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARBLES HOLDINGS, LLC, et al.,[1] | ) | Case No. 17-03309 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date: October 24, 2017 at 11:00 a.m. |

## CERTIFICATE OF SERVICE

I, Devon J. Eggert, an attorney, hereby certify that on September 29, 2017, I caused a true and correct copy of the foregoing *Notice of Motion* and *Second Interim & Final Application of Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors During the Period from February 13, 2017 through September 29, 2017 and Request for Approval of Limited Notice* to be filed electronically with the Court and served upon the following parties by the manner listed.

_____/s/ Devon J. Eggert_____

**CM/ECF Service List**

| | |
|---|---|
| Howard L. Adelman | hla@ag-ltd.com |
| Richard A Bixter | richard.bixter@hklaw.com |
| Michael A Brandess | mbrandess@sfgh.com |
| Alexander F Brougham | abrougham@ag-ltd.com |
| Erich S Buck | ebuck@ag-ltd.com |
| David R Doyle | ddoyle@shawfishman.com |
| Elise S Frejka | efrejka@frejka.com |
| Jeffrey L. Gansberg | jgansberg@muchshelist.com |
| Chad H. Gettleman | cgettleman@ag-ltd.com |
| Emily S. Gottlieb | emily_gottlieb@gardencitygroup.com |
| Allen J Guon | aguon@shawfishman.com |
| Timothy M Howe | tim@chicagolaw.biz |
| Robert J. Labate | robert.labate@hklaw.com |
| Matthew Luzadder | mluzadder@kelleydrye.com |
| Daniel J McGuire | dmcguire@winston.com |

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are: (i) Marbles Holdings, LLC (9547); (ii) Marbles LLC (3081); and (iii) Marbles Brain Workshop, LLC (0303).

| | |
|---|---|
| Henry B. Merens | hbm@ag-ltd.com |
| David Nold | nuddin@noldmuchlaw.com |
| Kristen N Pate | ggpbk@ggp.com |
| M. Gretchen Silver | ustpregion11.es.ecf@usdoj.gov |
| Adam P. Silverman | asilverman@ag-ltd.com |
| Jerry L Switzer | jswitzer@polsinelli.com |
| David P. Vallas | DVallas@polsinelli.com |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| MARBLES HOLDINGS, LLC, et al., | ) Case No. 17-3309 |
|  | ) |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) Honorable Timothy A. Barnes |
|  | ) |

**COVER SHEET TO
SECOND INTERIM & FINAL APPLICATION OF
PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FEBRUARY 13, 2017 THROUGH SEPTEMBER 29, 2017
AND REQUEST FOR APPROVAL OF LIMITED NOTICE**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of Marbles Holdings, LLC, et al. |
| Date of Retention: | Order Entered February 28, 2017 Effective as of February 13, 2017 [Docket No. 160] |
| Period for which compensation and reimbursement is sought: | February 13, 2017 through September 29, 2017 |
| Amount of compensation sought as actual, reasonable and necessary for the final fee period: | $236,472.50 |
| Amount of expense reimbursement sought as actual, reasonable and necessary for the final fee period: | $7,821.37 |
| Voluntary reductions taken during the case: | $40,695.87 |
| Estimated Fees for Preparation of Third and Final Fee Application and Attendance at Hearing Thereon | $3,000.00 |

This is a: ☐ monthly ☐ interim ☒ final application.

The total time expended for fee application preparation is approximately 6 hours and the

corresponding compensation requested is approximately $3,000.00, in addition to the amounts

sought herein.

## PRIOR MONTHLY APPLICATIONS SUBMITTED

| Date Submitted | Period Covered | Requested Fees (100%) | Requested Expenses (100%) | Paid Fees (80%) | Paid Expenses (100%) |
|---|---|---|---|---|---|
| 04/24/17 | 02/13/17 – 02/28/17 | $75,738.00 | $2,685.35 | $60,590.40 | $2,397.86[1] |
| 05/26/17 | 03/01/17 – 03/31/17 | $44,450.00 | $4,530.97 | $35,560.00 | $4,382.07[2] |
| 06/08/17 | 04/01/17 – 04/30/17 | $19,294.00 | $81.39 | $15,435.20 | $81.39 |
| 07/14/17 | 05/01/17 – 05/31/17 | $27,165.00 | $886.14 | $21,732.00 | $886.14 |
| 07/14/17 | 06/01/17 – 06/30/17 | $10,496.00 | $12.30 | $8,396.80 | $12.30 |

## PRIOR INTERIM APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 06/15/17 | 02/13/17 – 04/30/17 | $139,482.00 | $6,861.32 | $139,482.00 | $6,836.92[3] |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bradford J. Sandler | Partner 2010; Member of NJ and PA Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2007 | $895.00 | 68.40 | $61,218.00 |

---

[1] This amount was reduced by $287.49 in accordance with the agreement reached between PSZ&J and the U.S. Trustee.

[2] This amount was reduced by $148.90 in accordance with the agreement reached between PSZ&J and the U.S. Trustee.

[3] This amount was reduced by $24.40 in accordance with the agreement reached between PSZ&J and the U.S. Trustee.

DOCS_SF:94953.6 54472/002

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $850.00 <br><br> $   0.00 | 79.70 <br><br> 33.50 | $67,745.00 <br><br> $   0.00 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $825.00 <br><br> $   0.00 | 93.60 <br><br> 10.90 | $77,220.00 <br><br> $   0.00 |
| Peter J. Keane | Associate 2010; Member of DE and NH Bar 2010 | $595.00 | .60 | $357.00 |
| Steven W. Golden | Associate 2016; Member NY & MD Bar 2015; Member TX Bar 2016 | $450.00 | 1.50 | $675.00 |
| Leslie A. Forrester | Law Library Director | $375.00 | 1.30 | $487.50 |
| Patricia J. Jeffries | Paralegal 1999 | $350.00 | 81.70 | $28,595.00 |
| Thomas C. Elizabeth | Paralegal 2016 | $350.00 | .50 | $175.00 |
| Charles J. Bouzoukis | Case Management Asst. | $   0.00 | 1.70 | $0.00 |
| Karen S. Neil | Case Management Asst. | $   0.00 | .70 | $0.00 |
| Andrea R. Paul | Case Management Asst. | $   0.00 | 6.50 | $0.00 |

**Grand Total:**    **$236,472.50**
**Total Hours:**    **380.60**
**Blended Rate:**    **$621.32**

DOCS_SF:94953.6 54472/002

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 26.70 | $23,260.00 |
| Avoidance Actions | 1.30 | $ 1,156.50 |
| Bankruptcy Litigation | 3.60 | $ 2,857.00 |
| Case Administration | 30.60 | $11,003.50 |
| Claims Administration/Objections | 32.40 | $14,222.50 |
| Compensation of Professionals | 23.60 | $11,952.50 |
| Compensation of Professionals/Others | 8.30 | $ 6,203.00 |
| Employee Benefit/Pension | 0.40 | $    330.00 |
| Executory Contracts | 1.30 | $    945.00 |
| Financial Filings | 5.80 | $ 3,110.00 |
| Financing | 94.30 | $78,319.00 |
| First Day | 0.80 | $    660.00 |
| General Business Advice | 0.20 | $    170.00 |
| General Creditors' Committee | 22.60 | $12,662.00 |
| Hearing | 18.70 | $15,532.50 |
| Meeting of Creditors | 0.20 | $    165.00 |
| Non-Working Travel | 44.40 | $       0.00 |
| Operations | 7.80 | $ 6,635.00 |
| Plan & Disclosure Statement | 40.90 | $34,110.50 |
| Plan Implementation | 2.10 | $ 1,788.50 |
| Retention of Professionals | 4.50 | $ 2,651.00 |
| Retention of Professionals/Other | 9.90 | $ 8,567.00 |
| Stay Litigation | 0.20 | $    172.00 |
| **Total** | **380.60** | **$236,472.50** |

**Blended Rate**                          **$621.32**

## EXPENSE SUMMARY

| Expense Category | Service Provider[4] (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | United & SouthWest, coach fare | $3,906.10 |
| Airport Parking | SFO | $    68.00 |
| Auto Travel Expense | Chi Taxi, VTS Taxi | $   434.97 |
| Bloomberg - Online Research | | $    61.60 |
| Conference Call | AT&T | $    53.08 |
| CourtLink - Online Research | | $   230.40 |
| Federal Express | | $    31.65 |

---

[4] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

| Expense Category | Service Provider[4] (if applicable) | Total Expenses |
|---|---|---|
| Filing Fee | USDC IL | $    50.00 |
| Hotel Expense | Hilton Palmer, HW Marriott | $2,080.87 |
| Pacer - Court Research | | $    78.90 |
| Reproduction Expense | | $    19.60 |
| Reproduction/Scan Copy | | $  207.20 |
| Travel Expense | Inflight WiFi | $  272.97 |
| Westlaw - Legal Research | | $  655.12 |
| Working Meals | United Air, Taher-Dirksen, Crews of CA, & W Chicago City | $  131.70 |
| **Sub-Total** | | **$8,282.16** |
| **Less Voluntary Reductions** | | **($460.79)** |
| | | **$7,821.37** |

5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MARBLES HOLDINGS, LLC, et al., | ) Case No. 17-3309 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Honorable Timothy A. Barnes |
| | ) |

**SECOND INTERIM & FINAL APPLICATION OF
PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FEBRUARY 13, 2017 THROUGH SEPTEMBER 29, 2017**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel

for the Official Committee Of Unsecured Creditors (the "Committee") of the above-captioned

debtors and debtors in possession herein (the "Debtors"), hereby submits its *Second Interim &*

*Final Application for Allowance of Compensation and Reimbursement of Expenses for the*

*Period from February 13, 2017 through September 29, 2017* (the "Application").

By this Application, PSZ&J seeks (i) interim allowance of compensation in the

amount of $96,990.50 and actual and necessary expenses in the amount of $984.45 for a total

allowance of $97,974.50 (net of reductions) and payment of the unpaid portion of such fees and

expenses for fees and expenses incurred to the extent not included in the First Interim

Application (defined below) through and including September 29, 2017 (the "Second Interim

Period"); (ii) final allowance of compensation in the amount of $236,472.50 and actual and

necessary expenses in the amount of $7,821.37 for a total allowance of $244,293.87 and payment

of the unpaid portion of such fees and expenses for the period February 13, 2017 through

September 29, 2017 (the "Final Fee Period"); and (iii) approval of the limited notice requested

herein.  The amount requested in the Final Fee Period is net of a voluntary reduction of fees and

expenses of $40,695.87.  In support of this Application, PSZ&J respectfully represents as

follows:

**Background**

1.       On February 3, 2017, the Debtors each commenced a chapter 11 case by filing a

voluntary petition under Chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and

1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage

their financial affairs as debtors in possession.  No trustee or examiner has been appointed in this

Case.  A Plan of Reorganization has been confirmed in this case.

2.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.       The retention of PSZ&J, as counsel to the Committee, was approved effective as

of February 13, 2017 by this Court's *Order Authorizing and Approving the Retention of*

*Pachulski Stang Ziehl & Jones LLP as Counsel for the Official Committee of Unsecured*

*Creditors Effective as of February 13, 2017* signed on February 28, 2017 (the "Retention Order")

[Docket No. 160].  The Retention Order authorized PSZ&J to be compensated on an hourly basis

and to be reimbursed for actual and necessary out-of-pocket expenses.

4.       On February 27, 2017, the Court entered an *Order Establishing Procedures for*

*the Payment of Interim Compensation and Reimbursement of Expenses of Professionals and*

*Members of the Official Committee of Unsecured Creditors* [Docket No. 135] (the "Interim

Compensation Order"), authorizing certain professionals ("Professionals") to submit monthly

2

applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein.  The Interim Compensation Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within ten (10) days after service of the monthly fee application, the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  At approximately every four months while these chapter 11 cases are pending, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

5.      On July 27, 2017, the debtors filed their *Joint Liquidating Plan* [Docket No. 361] (the "Plan").  On August 30, 2017, the court entered an *Order Approving Disclosure Statement and Confirming Joint Liquidating Plan* [Docket No. 390].  The effective date of the Plan is September 29, 2017.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Voluntary Reductions

6.      PSZ&J is requesting a total approval of fees and expenses in the amount of $244,293.87, which represents a voluntary reduction of 16.6% of the total fees and costs actually incurred by PSZ&J in these cases.

7.      In the aggregate, PSZ&J has written off $40,695.87 during the Final Fee Period, including: (i) all out-of-state travel time (44.4 hours totaling $37,467.50), (ii) certain case administration categories, and (iii) reductions requested by the Office of the United States Trustee (the "U.S. Trustee").

## **Compensation Paid and Its Source**

8.      All services for which PSZ&J requests compensation were performed for or on behalf of the Committee.

9.      Pursuant to the Interim Compensation Order, PSZ&J has been paid a total of $31,027.24 consisting of 80% of fees and 100% of costs incurred on account of its fourth and fifth monthly fee statements for the months of May and June, 2017 in addition to the amounts paid under the First Interim Application.  PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.  PSZ&J has received no retainer in this matter.

10.      On June 15, 2017, PSZ&J filed its *First Interim Application of Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period from February 13, 2017 through April 30, 2017* [Docket No. 323] (the "First Interim Application"), which is incorporated herein by reference.  On July 11, 2017, the Court granted the First Interim Application [Docket No. 349], awarding an interim allowance to PSZ&J in the sum of $139,482.00 for services rendered and actual and necessary expenses in the amount of $6,861.32 for a total interim allowance of $146,343.32.

## **Fee Statements**

11.      The fee statements for the Second Interim Period are attached hereto as **Exhibit A**.  These statements contain daily time logs describing the time spent by each attorney

4

and paraprofessional during the Second Interim Period.  To the best of PSZ&J's knowledge, this

Application complies with sections 330 and 331 of the Bankruptcy Code, and the Bankruptcy

Rules.  PSZ&J's time reports are initially handwritten by the attorney or paralegal performing

the described services.  The time reports are organized on a daily basis.  PSZ&J is sensitive to

issues of "lumping" and, unless time was spent in one time frame on a variety of different

matters for a particular client, separate time entries are set forth in the time reports.  PSZ&J's

charges for its professional services are based upon the time, nature, extent and value of such

services and the cost of comparable services other than in a case under the Bankruptcy Code.

### Actual and Necessary Expenses

12.     A summary of actual and necessary expenses incurred by PSZ&J for the Second

Interim Period is set forth in the cover sheet hereto.  PSZ&J customarily charges $0.10 per page

for photocopying expenses.  PSZ&J's photocopying machines automatically record the number

of copies made when the person that is doing the copying enters the client's account number into

a device attached to the photocopier.  PSZ&J summarizes each client's photocopying charges on

a daily basis.

13.     With respect to providers of on-line legal research services (e.g., LEXIS and

WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized

legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no

premium.  Any volume discount received by PSZ&J is passed on to the client.

14.     PSZ&J believes the foregoing rates are the market rates that the majority of law

firms charge clients for such services.  In addition, PSZ&J believes that such charges are in

accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's

Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**<u>Summary of Services Rendered During Second Interim Period</u>**

15.      The names and hourly rates of the attorneys of PSZ&J who have rendered professional services in these cases during the Second Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Second Interim period, are set forth below.

16.      PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy case, and performed all necessary professional services which are described and narrated in detail below.

**<u>Summary of Services by Project</u>**

17.      The services rendered by PSZ&J during the Second Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit A**. **Exhibit A** identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

6

A.  **Asset Disposition**

18.  Time billed to this category relates to the disposition of the Debtors' assets through a going out of business sale.  During the Second Interim Period, the Firm, among other things, (i)  conferred with counsel and Committee professionals regarding the sales process and addressing issues related thereto, and (ii) conferred with the Committee, counsel and the U.S. Trustee regarding a global settlement relating to asset sales.

Fees:  $8,856.00          Hours: 9.90

B.  **Avoidance Actions**

19.  This category includes work related to potential preference actions.  During the Second Interim Period, the Firm reviewed and analyzed potential preference actions.

Fees:  $1,156.50          Hours: 1.30

C.  **Case Administration**

20.  This category includes work related to administering the cases in an efficient manner.  During the Second Interim Period, the Firm, among other things:  (i) maintained a memorandum of critical dates; (ii) maintained document control (at no charge to the estate); (iii) reviewed correspondence and pleadings and forwarded them to the appropriate parties; and (iv) conferred and corresponded regarding case administration issues.

Fees:  $4,314.50          Hours: 7.80

D.  **Claims Administration/Objections**

21.  This category includes work related to claims filed against the Debtors' estates. During the Second Interim Period, the Firm, among other things:  (i) reviewed the Debtors' claims analysis; (ii) communicated with the Debtors and Liquidating Trustee regarding potential

7

claim objections; (iii) prepared three omnibus claim objections and three reclassification

objections; and (iv) reviewed and analyzed various motions for administrative expense claims.

Fees:  $12,835.00          Hours: 30.50

**E.     Compensation of Professionals**

22.     Time billed to this category relates to the preparation of the Firm's monthly fee

statements, First Interim Application and communications with the U.S. Trustee regarding same.

Fees:  $9,722.50          Hours: 19.30

**F.     Compensation of Professionals/Others**

23.     Time billed to this category relates to the employment of estate professionals.

During the Second Interim Period, the Firm, among other things, reviewed and provided

comments to BRG's first interim fee application and reviewed estate professionals' fee

applications.

Fees:  $2,818.00          Hours: 3.60

**G.     Executory Contracts**

24.     This category includes work related to the Debtors' leases and contracts.  During

the Second Interim Period, the Firm, among other things, reviewed and analyzed various

landlord rejection claims.

Fees:  $247.50          Hours: .30

**H.     Financing**

25.     Time billed to this category relates to the Debtors' postpetition financing.  During

the Second Interim Period, the Firm, among other things: (i) reviewed and analyzed the Debtors'

DIP documents; (ii) conferred with counsel and estate professionals regarding DIP issues; and

(iii) negotiated a settlement regarding the DIP financing terms.

8

Fees: $11,254.50          Hours: 12.60

## I.     General Creditors' Committee

26.     This category includes work related to general Committee issues.  During the Second Interim Period, the Firm, among other things: (i) prepared and circulated Committee administrative documents; (ii) participated in Committee status calls; and (iii) prepared a weekly memorandum to the Committee summarizing the recent pleadings filed in these cases.

Fees: $3,307.00          Hours: 5.50

## J.     Hearing

27.     This category includes work related to hearings held on various motions and applications.  During the Second Interim Period, the Firm, among other things: prepared for and attended hearings on (i) the e-commerce and wholesale business sales procedures; (ii) the Debtors' applications to employ accountants and special privacy data security counsel; and (iii) various motions to reject leases and contracts.

Fees: $1,342.50          Hours: 1.70

## K.     Operations

28.     Time billed to this category relates to the Debtors' daily operations.  During the Second Interim Period, the Firm, among other things, conferred with Committee professionals regarding the Debtors' motion for the destruction of store documents.

Fees: $3,474.50          Hours: 3.90

## L.     Plan and Disclosure Statement

29.     Time billed to this category relates to the plan and disclosure statement.  During the Second Interim Period, the Firm, among other things: (i) conferred with the US Trustee regarding liquidating trust documents; (ii) reviewed and revised the GUC trust agreement;

9

(iii) reviewed and revised the disclosure statement, consistent with plan changes, and conferred with counsel and estate professionals regarding same; (iv) corresponded with counsel and estate professionals regarding plan issues; (v) reviewed and provided comments on the Debtors' liquidating plan; (vi) communicated with Committee members regarding plan solicitation; (vii)  reviewed ballot tabulation report and communicated results to Committee; (viii) reviewed and provided comments to plan confirmation order; and (ix) attended the confirmation hearing telephonically.

Fees:  $31,137.00          Hours: 37.10

**M.**     **Plan Implementation**

30.     Time billed to this category relates to the implementation of the Debtors' liquidating plan.  During the Second Interim Period, the Firm, among other things, conferred with counsel and the liquidating trustee regarding post-confirmation issues.

Fees:  $1,788.50          Hours: 2.10

**N.**     **Retention of Professionals/Others**

31.     Time billed to this category relates to the review and analysis of estate professionals' retention applications, other than the Firm.

Fees:  $4,564.50          Hours: 5.10

**O.**     **Stay Litigation**

32.     Time billed to this category relates to the automatic stay provisions imposed by the Bankruptcy Code.  During the Second Interim Period, the Firm, among other things, communicated with the Debtors and various landlords regarding orders to lift the automatic stay.

Fees:  $172.00     Hours: .20

10

**Valuation of Services**

33.     Attorneys and paraprofessionals of PSZ&J expended a total 140.90 hours in

connection with their representation of the Debtors during the Second Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bradford J. Sandler | Partner 2010; Member of NJ and PA Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2007 | $895.00 | 51.40 | $46,003.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $850.00 | 2.20 | $1,870.00 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $825.00 | 39.30 | $32,422.50 |
| Patricia J. Jeffries | Paralegal 1999 | $350.00 | 47.70 | $16,695.00 |
| Charles J. Bouzoukis | Case Management Asst. | $    0.00 | 0.20 | $0.00 |
| Karen S. Neil | Case Management Asst. | $    0.00 | 0.10 | $0.00 |

Grand Total:     **$96,966.50**
Total Hours:     **140.90**
Blended Rate:     **$688.36**

34.     The nature of work performed by these persons is fully set forth in

**Exhibit A** attached hereto.  These are PSZ&J's normal hourly rates for work of this character.

The reasonable value of the services rendered by PSZ&J for the Committee during the Second

Interim Period, net of reductions, is $96,966.50.  The Firm has voluntarily reduced its fees by

$82.50 and its expenses by $156.70 during the Second Interim Period.

35.     In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

11

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.

## NOTICE

36.     The Debtors' creditor matrix includes more than one thousand notice parties.

Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of this Application has been

provided to:  (i) the Debtor; (ii) the Office of the United States Trustee; and (iii) all entities that

have filed a request for service of filings pursuant to Bankruptcy Rule 2002 in this case.

37.     In light of the expense associated with providing notice to all creditors in this

case, PSZ&J submits that no other or further notice is necessary and requests that the Court

approve the limited notice requested herein.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order, substantially

in the form attached hereto, providing that, (i) for the period of February 13, 2017 through

September 29, 2017, a final allowance be made to PSZ&J in the sum of $236,472.50 and actual

and necessary expenses in the amount of $7,821.37 (net of reductions) for a total allowance of

$244,293.87; (ii) the Committee be authorized and directed to pay to PSZ&J the outstanding

amount of such sums from funds on hand and consistent with the Plan; (iii) the limited notice

requested herein is approved; and (iv) for such other and further relief as this Court deems

proper.

12

Dated: September 29, 2017

*/s/ Devon J. Eggert*
FREEBORN PETERS
Shelly A. DeRousse, Esq.
Devon J. Eggert, Esq.
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
Tel:    312.360.6000
Fax:    312.360.6520
Email:  sderousse@freeborn.com
        deggert@freeborn.com

an

PACHULSKI STANG ZIEHL & JONES LLP
Bradford S. Sandler (*admitted pro hac vice*)
Maxim B. Litvak (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Tel:    302.652.4100
Fax:    302.652.4400
Email:  bsandler@pszjlaw.com
        mlitvak@pszjlaw.com
        scho@pszjlaw.com

*Counsel for Official Committee of Unsecured Creditors
of Marbles Holdings, LLC, et al.*

13