**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARBLES HOLDINGS, LLC, et al.,[1] | ) | Case No. 17-03309 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date: October 24, 2017 at 11:00 a.m. |

**NOTICE OF MOTION**

     PLEASE TAKE NOTICE that on October 24, 2017 at 11:00 a.m., the undersigned shall appear before the Honorable Timothy A. Barnes in Courtroom 744, or whomever may be sitting in his place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the attached *Final Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors and Request for Limited Notice* a copy of which is attached hereto and herewith served upon you.

Dated: September 29, 2017

                          **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MARBLES HOLDINGS LLC,** *et al.*

                          By: /s/ Devon J. Eggert
                               One of Its Attorneys

                               Shelly A. DeRousse
                               Devon J. Eggert
                               Elizabeth L. Janczak
                               FREEBORN & PETERS LLP
                               311 South Wacker Drive, Suite 3000
                               Chicago, Illinois 60606-6677
                               Telephone: 312.360.6000
                               Facsimile: 312.360.6520
                               sderousse@freeborn.com
                               deggert@freeborn.com
                               ejanczak@freeborn.com

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are: (i) Marbles Holdings, LLC (9547); (ii) Marbles LLC (3081); and (iii) Marbles Brain Workshop, LLC (0303).

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARBLES HOLDINGS, LLC, et al.,[1] | ) | Case No. 17-03309 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date: October 24, 2017 at 11:00 a.m. |

## CERTIFICATE OF SERVICE

I, Devon J. Eggert, an attorney, hereby certify that on September 29, 2017, I caused a true and correct copy of the foregoing *Notice of Motion* and *Final Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors and Request for Limited Notice* to be filed electronically with the Court and served upon the following parties by the manner listed.

                                                          /s/ Devon J. Eggert

**CM/ECF Service List**

| | |
|---|---|
| Howard L. Adelman | hla@ag-ltd.com |
| Richard A Bixter | richard.bixter@hklaw.com |
| Michael A Brandess | mbrandess@sfgh.com |
| Alexander F Brougham | abrougham@ag-ltd.com |
| Erich S Buck | ebuck@ag-ltd.com |
| David R Doyle | ddoyle@shawfishman.com |
| Elise S Frejka | efrejka@frejka.com |
| Jeffrey L. Gansberg | jgansberg@muchshelist.com |
| Chad H. Gettleman | cgettleman@ag-ltd.com |
| Emily S. Gottlieb | emily_gottlieb@gardencitygroup.com |
| Allen J Guon | aguon@shawfishman.com |
| Timothy M Howe | tim@chicagolaw.biz |
| Robert J. Labate | robert.labate@hklaw.com |
| Matthew Luzadder | mluzadder@kelleydrye.com |
| Daniel J McGuire | dmcguire@winston.com |
| Henry B. Merens | hbm@ag-ltd.com |
| David Nold | nuddin@noldmuchlaw.com |

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are: (i) Marbles Holdings, LLC (9547); (ii) Marbles LLC (3081); and (iii) Marbles Brain Workshop, LLC (0303).

| | |
|---|---|
| Kristen N Pate | ggpbk@ggp.com |
| M. Gretchen Silver | ustpregion11.es.ecf@usdoj.gov |
| Adam P. Silverman | asilverman@ag-ltd.com |
| Jerry L Switzer | jswitzer@polsinelli.com |
| David P. Vallas | DVallas@polsinelli.com |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARBLES HOLDINGS, LLC, et al.,[1] | ) | Case No. 17-03309 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date: October 24, 2017 at 11:00 a.m. |

**COVER SHEET FOR FINAL FEE APPLICATION OF FREEBORN & PETERS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND <u>REQUEST FOR APPROVAL OF LIMITED NOTICE</u>**

| | |
|---|---|
| Name of Applicant: | Freeborn & Peters LLP |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors |
| Date of retention: | February 28, 2017 *nunc pro tunc* to February 13, 2017 |
| Period for which compensation and reimbursement is sought: | February 13, 2017 through September 29, 2017 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 48,437.50 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $754.00 |
| This is an ___ interim  X  final application | |
| Prior Fee Applications Filed by Applicant: | Yes |

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are: (i) Marbles Holdings, LLC (9547); (ii) Marbles LLC (3081); and (iii) Marbles Brain Workshop, LLC (0303).

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 6/15/2017 | Feb. 13, 2017 to May 31, 2017 | $35,817.00 | $35,817.00 | $35,817.00 |

Dated: September 29, 2017

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MARBLES HOLDINGS LLC,** *et al.*

By:  /s/ Devon J. Eggert
      One of Its Attorneys

Shelly A. DeRousse
Devon J. Eggert
Elizabeth L. Janczak
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:   312.360.6520
sderousse@Freeborn.com
deggert@Freeborn.com
ejanczak@Freeborn.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARBLES HOLDINGS, LLC, et al.,[1] | ) | Case No. 17-03309 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date: Oct. 24, 2017 at 11:00 a.m. |

**FINAL FEE APPLICATION OF FREEBORN & PETERS LLP AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
AND REQUEST FOR APPROVAL OF LIMITED NOTICE**

Freeborn & Peters LLP ("*Freeborn*"), counsel to the Official Committee of Unsecured Creditors (the "*Committee*") appointed in the above-captioned chapter 11 cases of Marbles Holdings, LLC and its affiliated debtor entities (the "*Debtors*"), hereby submits this *Final Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors* (the "*Final Fee Application*"), which seeks the entry of an order: (i) granting final approval of compensation in the amount of $48,437.50 for services rendered and $754.00 for reimbursement of expenses incurred for the period of February 13, 2017 through September 29, 2017; (ii) authorizing payment to Freeborn in the amount of $13,208.00, representing the amounts approved herein less payments previously received; and (iii) approving the limited notice of this Final Fee Application. In support hereof, Freeborn states as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal taxpayer identification number, are: (i) Marbles Holdings, LLC (9547); (ii) Marbles LLC (3081); and (iii) Marbles Brain Workshop, LLC (0303).

District Court for the Northern District of Illinois. This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2. The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

3. On February 3, 2017 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

4. The Debtors are operating their businesses and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On February 13, 2017, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code.

6. Also on February 13, 2017, the Committee selected Freeborn as its local counsel. On February 28, 2017, the Court entered an order approving Freeborn's employment effective *nunc pro tunc* as of February 13, 2017.

7. On June 15, 2017, Freeborn filed its first interim application for compensation (the "*First Interim Fee Application*"), seeking compensation in the amount of $35,343.00 and reimbursement of expenses in the amount of $474.00 for the period of February 13, 2017 through May 31, 2017.

8. On July 11, 2017, the Court entered an order (the "*First Interim Fee Application Order*") granting the First Interim Fee Application, and authorizing payment to Freeborn in the amount of $35,817.00.

9. On August 30, 2017, the Court entered an order (the "*Confirmation Order*") confirming the Joint Liquidating Plan [ECF No. 361] (the "*Plan*"), including the Creditors' Trust Agreement (the "*Creditor Trust Agreement*") attached as Exhibit A to the Plan.

10. The Plan became effective on September 29, 2017.

11. As of the date of this Final Fee Application, Freeborn has received payment totaling $35,817.00.

## RELIEF REQUESTED

12. Freeborn provided services to the Committee from February 13, 2017 through September 29, 2017 (the "*Fee Application Period*"), for which Freeborn seeks final approval of compensation in the amount of $48,437.50 and reimbursement of expenses in the amount of $754.00, for a total of $49,191.50 as a chapter 11 administrative expense of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code, and (2) authorizing payment to Freeborn of $13,208.00, representing all unpaid amounts owing to Freeborn.

13. Freeborn has not previously sought approval of compensation and expenses incurred for the period of June 1, 2017 through September 29, 2017. The compensation sought for this period totals $12,928.00 and expenses of $280.00, for a total of $13,208.00. Detailed statements of services Freeborn provided and expenses incurred (broken down by project category) during this time period are attached hereto as Exhibits 1 – 7.[2]

---

[2] The billing statements Freeborn previously filed with its First Interim Fee Application are attached hereto as Group Exhibit 9.

**DISCUSSION**

14. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

15. The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

16. In reviewing the Final Fee Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

- 4 -

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.")

17. In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

18. In evaluating the Final Fee Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by Freeborn's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

19. Freeborn's hourly rates of compensation for those attorneys and para-professionals during the Fee Application Period range from $215 to $815 (however, no professional with an hourly rate in excess of $510 has performed services herein). Those rates are comparable to rates charged by other practitioners having the same amount of experience,

expertise, and standing for similar services in this jurisdiction. Freeborn consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient, and practical manner possible.

20. A summary of the compensation requested herein regarding each of Freeborn's professionals and para-professionals is set forth below:

| Timekeeper | Title | Year of Bar Admission | Hourly Rate | Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| DeRousse, Shelly A. | Partner | 2001 | $510 | 56.4 | $28,764.00 |
| Eggert, Devon J. | Partner | 2006 | $435 | 28.1 | $12,223.50 |
| Green, Trinitee | Associate | 2012 | $320 | 3.4 | $1,088.00 |
| Hazdra, Jacqueline E. | Paralegal | N/A | $235 | 16.2 | $3,807.00 |
| Janczak, Elizabeth S. | Associate | 2010 | $350 | 7.3 | $2,555.00 |
| | | | **TOTALS:** | **111.4** | **$47,951.00** |

21. No agreement or understanding exists between Freeborn and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

22. Freeborn reserves the right to correct, amend, or supplement this Final Fee Application, including, without limitation, to seek payment in the event this Final Fee Application is not approved in full.

## SERVICES PERFORMED

23. This Final Fee Application sets forth in detail the work performed by Freeborn and the time spent during the Fee Application Period.

**A.	General	$17,790.00**

24. Freeborn spent 39.7 hours at a cost of $17,790.00 on general matters.[3] This category primarily includes time spent reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on general case matters, corresponding with parties in interest concerning general case matters, and performing necessary administrative tasks typically associated with a committee representation (including performing court filings, maintaining and updating dockets, calendars, and correspondence files, and retrieving necessary documents). Time in this category also includes services that cannot be classified in one discrete category, or time relating to general case administration matters.

**B.	Creditor Inquiries and Negotiations	$459.00**

25. Freeborn spent 0.9 hours at a cost of $459.00 on creditor inquiries and negotiations.[4] This category primarily includes time spent corresponding with creditors regarding case status and related open items.

**C.	Secured Creditor Issues	$7,706.00**

26. Freeborn spent 15.8 hours at a cost of $7,706.00 on secured creditor issues. This category primarily includes time spent analyzing and responding to the Debtor's motion for post-

---

[3] Freeborn's detailed time records for the period of July through September 2017 for this matter are set forth in Exhibit 1. Freeborn's time records for the period of February 13, 2017 through May 13, 2017 were approved under the First Interim Fee Application Order and are attached hereto as Group Exhibit 9.

[4] Freeborn's detailed time records for the period of June through September 2017 for this matter are set forth in Exhibit 2.

petition financing, reviewing proposed DIP budgets, and attending hearings relating to post-petition financing.

**D.     Freeborn Retention and Fee Applications              $6,302.70**

27.     Freeborn spent 18.8 hours at a cost of $6,302.70 on Freeborn retention and fee application matters.[5]  This category includes time spent preparing Freeborn's retention application, preparing interim and final fee applications, and preparing for and attending related court hearings.  In addition to the detailed time records, Freeborn has added 2.0 hours of paralegal time at the rate of $235.00 per hour for the filing and service of fee applications of all Committee professionals.  The additional two hours is included in the 18.8 hours of time and compensation of $6,302.70 sought in this category.

**E.     Other Professional Retention                          $5,234.50**

28.     Freeborn spent 13.5 hours at a cost of $5,234.50 on other professional retention matters.[6]  This category includes services provided in connection with the Debtors' retention of its consultant, Gordon Brothers Retail Partners, LLC, reviewing and revising lead Committee counsel's retention and fee applications, and reviewing and revising fee applications for the Committee's financial advisor, Berkeley Research Group.

**F.     Plan and Disclosure Statement                         $4,654.50**

29.     Freeborn spent 9.7 hours at a cost of $4,654.50 on plan and disclosure statement issues.[7]  This category primarily includes time spent reviewing and revising the chapter 11 plan

---

[5] Freeborn's detailed time records for the period of June through September 2017 for this matter are set forth in <u>Exhibit 3</u>.

[6] Freeborn's detailed time records for the period of June through September 2017 for this matter are set forth in <u>Exhibit 4</u>.

[7] Freeborn's detailed time records for the period of June through September 2017 for this matter are set forth in <u>Exhibit 5</u>.

of liquidation, disclosure statement and creditor trust agreement, and preparing for and attending hearings on the adequacy of the disclosure statement and confirmation of the chapter 11 plan.

**G.    Executory Contracts and Unexpired Leases            $408.00**

30.    Freeborn spent 0.8 hours at a cost of $408.00 on Committee executor contract and unexpired lease issues. This category primarily consists of time spent reviewing a motion to reject leases and a lease termination settlement motion.

**H.    Asset Sales                                        $4,974.00**

31.    Freeborn spent 9.9 hours at a cost of $4,974.00 on asset sale issues.[8] This category primarily includes time spent by Freeborn professionals with respect to the sales of the Debtor's assets. Specifically, time spent in this category includes reviewing a draft bidding procedures order and a draft purchase agreement, and attending hearings on motions to approve the sales procedures and the sale of certain assets.

**I.    Claims Analysis                                    $907.00**

32.    Freeborn spent 2.3 hours at a cost of $646.00 on claims analysis issues.[9] This category primarily includes time spent reviewing and revising objections to claims.

**REASONABLE EXPENSES INCURRED**

33.    Detailed itemizations of $280.00 in expenses incurred for the period of July through September 2017 are set forth in <u>Exhibit 8</u>.[10] Expenses during the Fee Application Period were incurred in the following categories:

---

[8] Freeborn's detailed time records for the period of June through September 2017 for this matter are set forth in <u>Exhibit 6</u>.

[9] Freeborn's detailed time records for the period of June through September 2017 for this matter are set forth in <u>Exhibit 7</u>.

[10] Freeborn's expenses incurred for the period of February through May 2017 are included in <u>Group Exhibit 9</u>, which consists of the time and expense detail previously approved in connection with the First Interim Fee Application.

      (a)    <u>Pro hac vice fees</u>:  Freeborn incurred expenses in the amount of $150.00 to file two pro hac vice applications for the Committee's lead counsel, Pachulski, Stang, Ziehl & Jones LLP.

      (b)    <u>Transcript Fee</u>: Freeborn incurred expense in the amount of $324.00 to order a transcript relating to a hearing on March 8, 2017.

      (c)    <u>Telephonic Appearances</u>: Freeborn incurred expenses totaling $280.00 in costs associated with telephonic appearances at hearings.

34.    All expenses incurred were ordinary and necessary expenses.  All expenses billed to the Committee were billed in the same manner as Freeborn bills non-bankruptcy clients.

35.    Freeborn does not bill its clients or seek compensation in this Final Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions.  Such expenses are factored into Freeborn's hourly rates.  Freeborn has not included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

## **BENEFIT TO THE ESTATE**

36.    Freeborn has remained active on all matters in its representation of the Committee during this case.  Freeborn submits that the services set forth herein benefitted the estate and its creditors by ensuring that the Debtor's assets were properly preserved, administered, and that they gained the highest value under the circumstances in order to maximize the potential recovery for general unsecured creditors.

## **NOTICE**

37.    The Debtors' creditor matrix includes more than one thousand notice parties.  Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of this Final Fee Application

has been provided to: (i) the Debtor; (ii) the Office of the United States Trustee; and (iii) all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002 in this case.

38. In light of the expense associated with providing notice to all creditors in this case, Freeborn submits that no other or further notice is necessary and requests that the Court approve the limited notice requested herein.

**WHEREFORE**, Freeborn respectfully requests that the Court enter an order:

(a) allowing Freeborn, on a final basis, $48,437.50 in compensation for the Fee Application Period as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b) allowing Freeborn, on a final basis, $754.00 in reimbursable expenses for the Fee Application Period as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c) authorizing payment to Freeborn of $13,208.00, representing all unpaid amounts owing to Freeborn on account of the Final Fee Application;

(d) approving limited notice of this Final Fee Application as requested herein; and

(e) granting such other and further relief as the Court deems just and proper.

Dated: September 29, 2017    **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MARBLES HOLDINGS LLC,** *et al.*

By: \_/s/ Devon J. Eggert_____
    One of Its Attorneys

Shelly A. DeRousse
Devon J. Eggert
Elizabeth L. Janczak
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6520
sderousse@Freeborn.com
deggert@Freeborn.com
ejanczak@Freeborn.com